**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No.:  18-CV-2574 |
| v. | ) ) | |
| COREY E. MEYER, individually and d/b/a LAW OFFICES OF MEYER AND BLUMENSHINE; LAW OFFICES OF MEYER AND BLUMENSHINE; and JERRY OECHSLE | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff LANDMARK AMERICAN INSURANCE COMPANY ("Landmark") by and through its attorneys TRAUB LIEBERMAN STRAUS & SHREWSBERRY, LLP, and for its Complaint for Declaratory Judgment against Defendants COREY E. MEYER individually and d/b/a LAW OFFICES OF MEYER AND BLUMENSHINE ("Corey Meyer"); LAW OFFICES OF MEYER AND BLUMENSHINE ("Meyer & Blumenshine"), and JERRY OECHSLE states as follows:

**Nature of Action**

1.      Plaintiff Landmark is an insurance company and issued a claims-made professional liability policy of insurance to Defendant Law Offices of Meyer & Blumenshine. Landmark brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201, *et seq.* and Rule 57 of the Federal Rules of Civil Procedure seeking a declaration with respect to its duty to defend and indemnify Corey Meyer and Meyer & Blumenshine for an underlying lawsuit

1

styled *Jerry Oechsle v. Corey E. Meyer et al.*, case number 2017-L-007084, filed in the Circuit Court of Cook County, Illinois, on July 14, 2017 (the "Oechsle lawsuit"). Landmark seeks a declaration that no coverage is available under the subject Landmark Policy and that Landmark has no obligation to defend or indemnify Corey Meyer or Meyer & Blumenshine for the Oechsle lawsuit.

2. There exists an actual and justiciable controversy among the parties concerning their respective rights, duties, and obligations under and pursuant to the Landmark Policy. Landmark contends that there is no obligation to defend or indemnify Corey Meyer or Meyer & Blumenshine in connection with the claims asserted in the underlying Oechsle lawsuit based on the terms of the Landmark Policy and applicable law.

3. Landmark has no adequate remedy at law and, therefore, desires a judicial determination of its rights and duties in accordance with the Landmark Policy. A judicial declaration is necessary and appropriate at this time so that Landmark may ascertain its rights and duties with respect to defense and indemnity under the Landmark Policy for the underlying Oechsle lawsuit.

4. Jurisdiction over this matter is appropriate pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

5. Venue is appropriate in this district pursuant to 28. U.S.C. § 1391(a), in that all Defendants reside in this district and a substantial part of the events giving rise to this claim occurred in this district.

**The Parties**

6.      Landmark American Insurance Company is an Oklahoma corporation engaged in the insurance business with its principal place of business in Atlanta, Georgia.

7.      On information and belief, Defendant Law Offices of Meyer and Blumenshine is an Illinois partnership with its principal place of business in Chicago, Illinois.

8.      On information and belief, the partnership consisted of two partners, Scott Blumenshine and Defendant Corey Meyer.

9.      On information and belief, Defendant Corey Meyer is an individual and citizen of Illinois currently residing in Chicago, Cook County, Illinois.

10.      On information and belief, Scott Blumenshine is an individual and citizen of Illinois currently residing in Chicago, Cook County, Illinois.

11.      On information and belief, Defendant Jerry Oechsle is an individual and citizen of Illinois currently residing in Chicago, Cook County, Illinois. Jerry Oechsle is the Plaintiff in the underlying Oechsle lawsuit and is joined as a defendant herein as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and so that he may be bound by the judgment entered in this case.  If Defendant Jerry Oechsle executes a stipulation agreeing to be bound by any judgment entered herein, Landmark will voluntarily dismiss Defendant from this action.

**FACTUAL BACKGROUND**

**The Underlying Oechsle Lawsuit**

12.      On July 14, 2017, Jerry Oechsle filed a Complaint At Law styled *Jerry Oechsle v. Corey E. Meyer et al.*, case number 2017-L-007084, filed in the Circuit Court of Cook County, Illinois against Corey E. Meyer, individually and d/b/a Law Offices of Meyer and Blumenshine,

and the Law Offices of Meyer and Blumenshine (the "Oechsle lawsuit"). A copy of the Oechsle lawsuit is attached hereto as **Exhibit A**.

13.     The Oechsle lawsuit seeks damages arising out of Corey Meyer's and Meyer & Blumenshine's alleged negligence and breach of contract for failing to prosecute Jerry Oechsle's medical malpractice lawsuit, as well as fraud for acts allegedly taken by Corey Meyer and/or Meyer & Blumenshine to hide the alleged failure to properly and timely prosecute the medical malpractice suit.

14.     More specifically, the Oechsle lawsuit alleges that Jerry Oechsle underwent a lower back surgery in March 2002, which thereafter resulted in surgical hardware failure.

15.     Mr. Oechsle alleges that on November 12, 2005, he entered into a "Medical Malpractice Contract" with Meyer & Blumenshine to represent him with respect to certain medical malpractice claims.

16.     The Oechsle lawsuit avers that Meyer & Blumenshine filed a medical malpractice lawsuit on behalf of Mr. Oechsle on September 17, 2012. It is alleged that the medical malpractice suit brought by Defendants on Mr. Oechsle's behalf was dismissed, with prejudice, on March 25, 2014.

17.     The underlying lawsuit alleges that between August 2014 and June 2015 Corey Meyer and/or Meyer & Blumenshine contacted Jerry Oechsle notifying him of a mediation and/or pretrial settlement conference, which were subsequently cancelled.

18.     On July 8, 2016, it is alleged that a purported "Dismissal Order" was prepared with the official judicial stamp of Judge Kathy M. Flanagan. The Oechsle lawsuit further alleges that on May 9, 2017, Meyer & Blumenshine sent a purported "Settlement, Release, and

Indemnity Agreement" to Jerry Oechsle indicating that the case was totally settled for the amount of $3,900,000 plus statutory interest.

19.    The <u>Oechsle</u> Lawsuit alleges that the July 8, 2016, Dismissal Order and "Settlement Agreement" are not true documents, and at no time since his retention of Meyer & Blumenshine has Mr. Oechsle's case resulted in a successful trial verdict or settlement agreement.

20.    Count I of the <u>Oechsle</u> lawsuit alleges a claim for "Legal Negligence" against Defendants.  Count I alleges Corey Meyer and/or Meyer & Blumenshine was negligent by failing to file a lawsuit within the applicable statute of limitations or statute of repose, and failing to properly investigate and prosecute Jerry Oechsle's personal injury claim from his March 11, 2002 surgery.

21.    Counts II and III of the <u>Oechsle</u> lawsuit assert claims for Breach of Contract and "Breach of Contract – Fraud – Willful and Wanton." against Defendants.  These counts allege that Corey Meyer and/or Meyer & Blumenshine willfully, wantonly, and fraudulently breached the contract by failing to timely file a lawsuit, failing to investigate and prosecute the lawsuit, and being untruthful during their representation.

**The Landmark Policy**

22.    Landmark issued a claims-made professional liability policy, policy number LHR744385, to the Law Offices of Meyer & Blumenshine, effective March 28, 2014, to March 28, 2015, with limits of $1,000,000 per claim and in the aggregate (the "Landmark Policy").  A copy of the Landmark Policy is attached hereto as **Exhibit B**.

23.    The Landmark Policy includes a Retroactive Date of July 20, 2011.

24.     The Landmark Policy describes Covered Persons and Entities, in relevant part, as follows:

      **E.**    **Covered Persons and Entities**

        1.    Named Insured as shown in the Declarations, and if the Named Insured is an individual, his or her spouse, but only with respect to the **Professional Services** rendered by or on behalf of the Named Insured;

        2.    Any **Predecessor Firm(s)**;

        3.    Any lawyer who was a principal, shareholder, partner, officer, director, member, manager, or employee of any **Predecessor Firm(s)**, or who was, is or becomes a principal, shareholder, partner, officer, director, member, manager, or employee of the Named Insured, but only while acting on behalf of the Named Insured and within the scope of their duties as a lawyer;

* * *

25.     The Law Offices of Meyer and Blumenshine is the Named Insured identified in the Declarations of the Landmark Policy.

26.     The Oechsle lawsuit alleges that Corey Meyer was a licensed attorney and represented Mr. Oechsle in connection with his medical malpractice claims from approximately 2005 to 2017.

27.     To the extent Corey Meyer was a lawyer who was a principal, shareholder, partner, officer, director, members, manager, or employee of Meyer and Blumenshine, he may qualify as an "Insured" or "Covered Person" under the Landmark Policy, but only while acting on behalf of Meyer and Blumenshine and within the scope of his duties as a lawyer.

28.     Part I (Insuring Agreement) of the Landmark Policy provides as follows:

      **A.**    **Covered Services**

      The Company will pay on behalf of the Insured as shown in the Declarations, all sums that the Insured becomes legally obligated

to pay as **Damages** and associated **Claim Expenses** arising out of a negligent act, error or omission, or **Personal Injury**, even if the **Claim** asserted is groundless, false or fraudulent, in the rendering of or failure to render **Professional Services** as a Lawyer, provided that the:

1.  **Claim** is first made against the Insured during the **Policy Period**, and reported to the Company no later than thirty (30) days after the end of the **Policy Period**;

2.  Negligent act, error or omission, or **Personal Injury** took place in a covered territory;

3.  Negligent act, error or omission, or **Personal Injury** took place after the **Retroactive Date** as shown in the Declarations.

29.   The Landmark Policy defines covered "professional services" as follows:

**Professional Services** means only services performed for others by an Insured as a lawyer, notary public, administrator, conservator, executor, guardian, guardian ad litem, arbitrator, mediator, trustee, and title insurance agent.

30.   The Landmark Policy defines "Claim" as follows:

**Claim** means a written or verbal demand, including any incident, occurrence or offense which may reasonably be expected to result in a claim, received by the Insured for money or services, including service of suit or institution of arbitration proceeding against the Insured.

31.   The Landmark Policy defines "Damages" as follows:

**Damages** means monetary judgment, award or settlement, except those for which insurance is prohibited by law. **Damages** does not include punitive or exemplary **Damages**, fines, penalties, sanctions, taxes, awards, or **Damages** that are multiples of any covered **Damages**, disputes over fees, deposits, commissions or charges for goods or services.

32.   The Landmark Policy only applies to sums that Meyer & Blumenshine becomes legally obligated to pay as "Damages" arising out of a negligent act, error or omission in the rendering or failure to render "Professional Services" as a Lawyer, provided, in relevant part,

that the Claim is <u>first made</u> against the Insured during the Policy Period, <u>and reported</u> to Landmark no later than thirty (30) days after the end of the Policy Period.

33.     The <u>Oechsle</u> lawsuit was filed on July 14, 2017, approximately 27-months after termination of the Landmark Policy.

34.     Meyer and Blumenshine first tendered the Oechsle lawsuit to Landmark on or about February 9, 2018, almost three years after termination of the Landmark Policy.

35.     Accordingly, the <u>Oechsle</u> lawsuit does not satisfy the Insuring Agreement of the Landmark Policy in that the "Claim" was not first made against Meyer & Blumenshine or any insured during the Landmark Policy Period and was not reported to Landmark within the policy period or within 30 days after the end of the policy period.

36.     The Landmark Policy contains an Exclusion A. (Intentional and Fraudulent Acts) that provides that this insurance does not apply to any "Claim" or "Claim Expenses" based upon or arising out of:

> **A.** Dishonest, fraudulent, criminal or intentional acts, errors or omissions committed by or at the direction of the Insured.

37.     The <u>Oechsle</u> lawsuit alleges that as a result of Defendants' acts or omissions, Plaintiff sustained permanent injuries and losses and that have or will cause him to become permanently disfigured and disabled and which have and will cause him future medical expenses.

38.     Exclusion B. (Bodily Injury) of the Landmark Policy provides that this insurance does not apply to any "Claim" or "Claim Expenses" based upon or arising out of:

> **B.     Bodily Injury**, or humiliation sustained by any person; but this exclusion will not apply to mental anguish, emotional distress or humiliation caused solely by **Personal Injury**.

39.     The Landmark Policy defines "Bodily Injury" as follows

**Bodily Injury** means physical or mental injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

40. The Landmark Policy contains an Exclusion G. (Prior Awareness) that provides that this insurance does not apply to any "Claim" or "Claim Expenses" based upon or arising out of:

**G.** Any alleged act, error, omission, **Personal Injury** or circumstance likely to give rise to a **Claim** that an Insured had knowledge of prior to the effective date of this policy. This exclusion includes, but is not limited to, any prior **Claim** or possible **Claim** referenced in the Insured's application.

41. The Landmark Policy contains an Exclusion J. (Assumption of Liability) that provides that this insurance does not apply to any "Claim" or "Claim Expenses" based upon or arising out of:

**J.** Any obligation or liability assumed by the Insured under any contract or any oral or written agreement, unless liability would have attached in the absence of such a contract or agreement.

42. Part IV., Conditions, of the Landmark Policy contains the following relevant Condition:

In addition to providing notice of **Claims** first made during the **Policy Period** and no later than 30 days after the **Policy Period** has expired, the Insured must notify the Company as soon as practicable of an incident, occurrence or offense that may reasonably be expected to result in a **Claim**. Where notice to the Company of such incidents, occurrences or offense has been acknowledged as adequate by the Company in writing, subsequent **Claims** derived from such incidents, occurrences or offenses will be deemed as first made at the time the incident, occurrence or offense giving rise to such Claim was first provided. The Insured also must immediately send copies to the Company of any demands, notices, summonses or legal papers received in connection with any **Claim**, and must authorize the Company to obtain records and other information.

\* \* \*

## COUNT I – DECLARATORY JUDGMENT
### (Defendant Corey E. Meyer)

43.     Landmark incorporates and re-alleges the preceding paragraphs 1-42 as if fully restated and set forth herein as paragraph 43.

44.     Landmark does not owe a duty to defend or indemnify Defendant Corey E. Meyer in the Oechsle lawsuit under the Landmark Policy for the following reasons:

A.     A "Claim" was not first made against Corey Meyer, Meyer & Blumenshine, or any insured during the Policy Period and/or reported to Landmark within the policy period or no later than thirty (30) days after the end of the Policy Period, and therefore, the Insuring Agreement of the Landmark Policy is not satisfied.

B.     The negligent act, error or omission, or Personal Injury took place prior to the Retroactive Date as shown in in the Declarations, July 20, 2011, and therefore, the Insuring Agreement of the Landmark Policy is not satisfied.

C.     Even if the Insuring Agreement were satisfied, which it is not, Corey Meyer was not acting on behalf of Meyer & Blumenshine or within the scope of his duties as a lawyer at the time of the acts committed and alleged in the Oechsle lawsuit, and therefore, does not qualify as an "Insured" or "Covered Person" under the Landmark Policy.

D.     Even if the Insuring Agreement were satisfied, which it is not, the Oechsle lawsuit seeks amounts which do not constitute "Damages" as defined by the Landmark Policy.

E.     Even if the Insuring Agreement were satisfied, which it is not, the Intentional and Fraudulent Acts Exclusion (exclusion A.) bars coverage.

F.     Even if the Insuring Agreement were satisfied, which it is not, the Bodily Injury Exclusion (exclusion B.) bars coverage.

G.     Even if the Insuring Agreement were satisfied, which it is not, the Prior Awareness Exclusion (exclusion G.) bars coverage.

H.     Even if the Insuring Agreement were satisfied, which it is not, the Assumption of Liability Exclusion (exclusion J.) bars coverage.

I.      Even if the Insuring Agreement were satisfied, which it is not, the "Notice of Claim" Condition of the Landmark Policy has been violated barring coverage.

## COUNT II – DECLARATORY JUDGMENT
### (Defendant Law Offices of Meyer and Blumenshine)

45.     Landmark incorporates and re-alleges the preceding paragraphs 1-44 as if fully restated and set forth herein as paragraph 45.

46.     Landmark does not owe a duty to defend or indemnify Defendant Law Offices of Meyer and Blumenshnie in the Oechsle lawsuit under the Landmark Policy for the following reasons:

A.      A "Claim" was not first made against Meyer & Blumenshine or any insured during the Policy Period and/or reported to Landmark within the policy period or no later than thirty (30) days after the end of the Policy Period, and therefore, the Insuring Agreement of the Landmark Policy is not satisfied.

B.      The negligent act, error or omission, or Personal Injury took place prior to the Retroactive Date as shown in in the Declarations, July 20, 2011, and therefore, the Insuring Agreement of the Landmark Policy is not satisfied.

C.      Even if the Insuring Agreement were satisfied, which it is not, the Oechsle lawsuit seeks amounts which do not constitute "Damages" as defined by the Landmark Policy.

D.      Even if the Insuring Agreement were satisfied, which it is not, the Intentional and Fraudulent Acts Exclusion (exclusion A.) bars coverage.

E.      Even if the Insuring Agreement were satisfied, which it is not, the Bodily Injury Exclusion (exclusion B.) bars coverage.

F.      Even if the Insuring Agreement were satisfied, which it is not, the Prior Awareness Exclusion (exclusion G.) bars coverage.

G.      Even if the Insuring Agreement were satisfied, which it is not, the Assumption of Liability Exclusion (exclusion J.) bars coverage.

11

H.    Even if the Insuring Agreement were satisfied, which it is not, the "Notice of Claim" Condition of the Landmark Policy has been violated barring coverage.

## Relief Requested

**WHEREFORE**, Plaintiff LANDMARK AMERICAN INSURANCE COMPANY prays that this Honorable Court declare and adjudicate the rights and liabilities of the parties regarding the Landmark Policy, together with the following relief:

a.    That this Court find and declare that Landmark has no duty to defend Corey E. Meyer, individually and d/b/a Law Offices of Meyer and Blumenshine; and/or Law Offices of Meyer and Blumenshine, in connection with the underlying Oechsle lawsuit;

b.    That this Court find and declare that Landmark has no duty to indemnify Corey E. Meyer, individually and d/b/a Law Offices of Meyer and Blumenshine; and/or the Law Offices of Meyer and Blumenshine, in connection with the underlying Oechsle lawsuit; and

c.    That this Court grant such other and further relief as it deems just and equitable.

Dated this 10th day of April 2018.

Respectfully submitted,

/s/ Jason M. Taylor

_____
One of the Attorneys for LANDMARK
AMERICAN INSURANCE COMPANY

Michael S. Knippen
Attorney No. 6185723
Jason M. Taylor
Attorney No. 6293925

Jarel T. Curvey
Attorney No. 6320493
TRAUB LIEBERMAN
STRAUS & SHREWSBERRY, LLP
303 W. Madison Street, Suite 1200
Chicago, Illinois 60603
312.332.3900
312.332.3908 (f)